UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James H. Singletary, # 93438-071, *aka James Harrison Singletary* <br><br> Petitioner, <br><br> v. <br><br> United States of America; Warden of FCI-Edgefield, <br><br> Respondents. | ) C/A No.   0:08-03179-CMC-MCIV <br> ) <br> ) <br> ) REPORT AND RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

James H. Singletary (Petitioner) is an inmate at the Federal Correctional Institution in Edgefield, South Carolina, which is a facility of the Federal Bureau of Prisons.  Petitioner files this habeas action pursuant to 28 U.S.C. § 2241.[1]  Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case.  The review was conducted pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents.  *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976).  Such *pro se* documents are held to a less stringent standard than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. at 520.  A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  Further reference to habeas sections of Title 28 will be by section number only.

the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, this petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner's post-conviction procedural history is taken from *Singletary v. Lamanna*, C/A No. 6:05-00671 (D.S.C. Aug. 30, 2005).[2] Petitioner was sentenced in this Court to 216 months in prison on his plea of guilty to an armed career criminal count. Through counsel, Petitioner originally filed a direct appeal of his sentence. On August 2, 1999, the Court of Appeals for the Fourth Circuit rejected this appeal and upheld Petitioner's sentence. During the pendency of his appeal, Petitioner filed a § 2255 motion, which was summarily dismissed as premature by this Court on January 22, 1999. On July 24, 2000, Petitioner filed a second § 2255 motion in which summary judgment in favor of the United States was granted on April 5, 2001. Petitioner's subsequent appeal to the Court of Appeals for the Fourth Circuit was dismissed on September 5, 2001.

Next, Petitioner brought a habeas corpus petition in this Court under § 2254 challenging various predicate state convictions used for Petitioner's federal armed career criminal conviction. On March 21, 2003, this Court granted summary judgment in favor of the respondents. The Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal on August 21, 2003. On March 2, 2005, Petitioner filed a habeas corpus action under § 2241 in which he acknowledged that he sought

---

[2]The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").

leave from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. The Court of Appeals denied this request on November 19, 2001. This Court dismissed the § 2241 petition because Petitioner's appropriate remedy was a successive § 2255 motion, but Petitioner lacked authorization to file it as required by 28 U.S.C. § 2244.

Now, Petitioner brings this § 2241 petition claiming he is "actually innocent of the erroneously imposed armed career criminal designation under 18 U.S.C. § 924(e)." (Docket Entry #3.) Specifically, Petitioner states that his enhanced federal sentence should be vacated because his prior state court convictions are void as they were obtained in violation of his Sixth Amendment right to counsel. Petitioner claims that he does not meet the gatekeeping provision of § 2255, but this § 2241 petition is appropriate because he does meet the savings clause of § 2255. This petition is a variation of the same issues concerning Petitioner's sentence and conviction that he began raising in his direct appeal.

### Discussion

This action is subject to dismissal because a petition for habeas corpus relief under § 2241 is the "vehicle for challenging the execution, not the validity of the sentence." *Atehortua v. Kindt*, 951 F.2d 126, 130 (7th Cir. 1991). "[A] prisoner who challenges his *federal* conviction or sentence cannot use the federal habeas corpus statute . . . but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994). Through this § 2241 petition, Petitioner, again, is attacking the validity of his federal sentence. Petitioner makes this attack by arguing that his federal sentence should be vacated because the underlying state court convictions used against him at his federal sentencing where obtained in violation of his Sixth Amendment right to counsel. "If an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the [petitioner] may challenge the validity of his prior conviction during his

3

federal sentencing proceedings. No other constitutional challenge to a prior conviction may be raised in the sentencing forum." *Daniels v. United States*, 532 U.S. 374, 382 (2001) (citations omitted). Because Petitioner is challenging his current federal sentence, based on prior convictions he alleges were obtained in violation of the Sixth Amendment right to counsel, he is seeking § 2255 relief. *See id.* Despite the fact that a § 2255 motion is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." *See San-Miquel v. Dove,* 291 F.3d 257, 260-61 (4th Cir. 2002); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The Court of Appeals for the Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. The Court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner alleges that this § 2241 petition is appropriate because a § 2255 motion is inadequate and ineffective under the test found in *In re Jones*. He relies on case law, *see Alabama v. Shelton*, 535 U.S. 654 (2002), to support his position that he meets the second factor of the *In re*

4

*Jones* test. However, his reliance on the *Shelton* case is misplaced, as it does not change substantive law that would make the conduct of which he was convicted no longer a crime.

It is well settled that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir.2003). Furthermore, § 2255 is not inadequate or ineffective because a petitioner is unable to obtain relief under the provision, or is procedurally barred from filing a § 2255 motion. *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997). Courts have concluded that a denial of permission to file a successive § 2255 is insufficient to render § 2255 relief inadequate or ineffective. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir.2000). Petitioner does not indicate an attempt to seek permission from the Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion prior to filing this § 2241 petition. *See* 28 U.S.C. §§ 2244, 2255. The fact that Petitioner lacks authority to file a second or successive § 2255 motion does not render relief under that section inadequate or ineffective.

This petition for writ of habeas corpus under § 2241 should be dismissed because the Petitioner's claims regarding his federal sentence are cognizable under § 2255, not § 2241, and Petitioner lacks authority from the Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion.

**Recommendation**

Accordingly, it is recommended that the § 2241 petition for a writ of habeas corpus in this case be dismissed *without prejudice* and without service upon the Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus

5

petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or

return).  *Cf*. the Anti-Terrorism and Effective Death Penalty Act of 1996.

                    Joseph R. McCrorey
                    United States Magistrate Judge

October  16, 2008
Columbia, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).